IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cr-467-ECM |
| | ) | [WO] |
| KHALFANI AHMED HARDWICK | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion to continue trial. (Doc. 23).

Jury selection and trial are presently set on the term of court commencing on March 10, 2025.

For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18

U.S.C. § 3161(h)(1)(A).

While the trial judge enjoys great discretion when determining whether to grant a

continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C.

§ 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).   The Act provides in

part:

> In any case in which a plea of not guilty is entered, the trial of a
> defendant charged in an information or indictment with the
> commission of an offense shall commence within seventy days
> from the filing date (and making public) of the information or
> indictment, or from the date the defendant has appeared before a
> judicial officer of the court in which such charge is pending,
> whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including

delays "resulting from any proceeding, including any examinations, to determine the mental

competency . . . of the defendant." *Id.* § 3161(h)(1)(A).

Counsel for the Defendant requests that the Defendant's trial be continued generally because on February 12, 2025, the United States Magistrate Judge entered an Order (doc. 20) granting the Defendant's amended motion for mental evaluation and committed the Defendant for a psychiatric and/or psychological examination, pursuant to 18 U.S.C. §§ 4241(a), 4242(a), and 4247(b), to determine his competency and the status of his mental health at the time of the alleged offense   Defense counsel further represents that the Government does not oppose continuing the trial generally.   After careful consideration, the Court finds that the Defendant's trial should be continued generally pending determination of whether the Defendant is competent to stand trial.   Accordingly, and for good cause, it is

ORDERED that the motion to continue (doc. 23) is GRANTED, and the jury selection and trial currently set for March 10, 2025, are CONTINUED GENERALLY pending determination of whether the Defendant is competent to stand trial.   The Court will reset the trial date, if appropriate, by separate Order.

Done this 19th day of February, 2025.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE