IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cr-467-ECM |
| | ) | |
| KHALFANI AHMED HARDWICK | ) | |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on the issues of whether Defendant Khalfani Ahmed Hardwick ("Hardwick") is competent to stand trial and whether he was insane at the time of the offense charged. On October 7, 2026, the Court held a status conference to discuss the Federal Bureau of Prison's ("BOP") September 15, 2026 report finding that Hardwick has been restored to competency, (doc. 78), as well as the issue of Hardwick's sanity.

**BACKGROUND**

On February 13, 2025, the Magistrate Judge granted Hardwick's motion for a mental evaluation pursuant to 18 U.S.C. § 4241 to determine whether he is competent to stand trial, and pursuant to § 4242 to determine whether he was sane at the time of the offense. (Doc. 20). In its report, (doc. 30), the BOP opined that Hardwick was not competent and that an assessment regarding his sanity could not be completed, and that such an assessment should be conducted "after competency matters have been resolved," (*id.* at 2).

On May 14, 2025, the Court entered an Order declaring Hardwick incompetent and committing him to the custody of the Attorney General for no more than four months to attempt restoration, pursuant to 18 U.S.C. § 4241(d). (Doc. 36). In a December 17, 2025

evaluation, (doc. 47), Dr. JohnRobert Jones ("Dr. Jones"), a forensic psychologist at the BOP Federal Medical Center at Butner ("FMC Butner"), opined that Hardwick suffered from schizophrenia, remained incompetent to stand trial, and largely failed to comply with the BOP's prescribed medication regimen, (*id.* at 7–11). Dr. Jones further opined that there was a substantial probability that Hardwick would attain competency if treated with antipsychotic medication and/or mood stabilizers. (*Id.* at 14).

Thereafter, the Government requested that Hardwick be involuntarily medicated, pursuant to *Sell v. United States*, 539 U.S. 166 (2003), so that Hardwick may attain competency to stand trial. On March 26, 2026, following a hearing, the Court entered an Opinion granting the Government's request and requiring that Hardwick be medicated in an effort to restore him to competency. (Doc. 77). The Court ordered that, pursuant to § 4241(d)(2), Hardwick "shall remain in the custody of the Attorney General for an additional period up to and including November 27, 2026, to determine whether Hardwick's mental condition is so improved that trial may proceed." (*Id.* at 26 (emphasis omitted)).[1]

In a September 15, 2026 report prepared by Dr. Brianna Grover ("Dr. Grover"), Psy.D., a forensic psychologist at FMC Butner, the BOP opined that Hardwick has been restored to competency and is able to proceed to trial. (Doc. 78). The Warden of FMC

[1] The Court further ordered the BOP to submit status reports every two months, and if "at any time prior to November 27, 2026, it is determined that Hardwick's mental condition is so improved that trial may proceed," the BOP was ordered to "notify the Court and counsel as soon as practicable, and the BOP shall submit its report to the Court and to counsel as soon as practicable but no later than fourteen days after the determination is made." (Doc. 77 at 26–27 (emphasis omitted)).

Butner also submitted a Certificate of Restoration of Competency to Stand Trial. (*Id.* at 3).

## DISCUSSION

At the October 7, 2026 status conference, the parties represented that the Court may resolve the question of Hardwick's competence to stand trial without a contested hearing and based on the information contained in Dr. Grover's September 15, 2026 report, (doc. 78). The parties further stipulated to Dr. Grover's findings that Hardwick has "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense," *see* 18 U.S.C. § 4241(e), and that Hardwick presently is competent to stand trial.

The September 15, 2026 report details Hardwick's psychiatric history, diagnosis, and prognosis. (*See generally* doc. 78). The Court credits Dr. Grover's observations and opinion that "although Mr. Hardwick suffers from a mental disease or defect, the symptoms are not of sufficient severity to render him not competent to proceed at this time." (*Id.* at 17). The Court further credits Dr. Grover's opinion that Hardwick "possesses a factual and rational understanding of the proceedings against him, appreciates his situation in reference to those proceedings, is able to maintain appropriate courtroom behavior, and is able to assist in his defense in a reasonable, rational manner." (*Id.*). Thus, upon consideration of the BOP's September 15, 2026 report (doc. 78) and the parties' representations, the Court finds[2] by a preponderance of the evidence that Hardwick "has

---

[2] Although § 4241(e) states that the Court "shall hold a hearing" to determine if the defendant has been restored to competency, the Court finds that a hearing in this case, when the parties have stipulated that the evidence at the hearing would conform with the evidence now before the Court, is not necessary

recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." *See* 18 U.S.C. § 4241(e).

Having found that Hardwick has been restored to competency and presently is competent to stand trial, the Court further finds that Hardwick should, without delay, be examined pursuant to 18 U.S.C. §§ 4242 and 4247 to determine whether he was insane at the time of the offense charged.

**CONCLUSION**

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. Pursuant to 18 U.S.C. § 4241(e), Defendant Khalfani Ahmed Hardwick "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense";

2. Pursuant to 18 U.S.C. §§ 4242 and 4247(b) and (c), Defendant Khalfani Ahmed Hardwick shall remain at the BOP facility for such reasonable period of time, not to exceed forty-five days, as is necessary to determine whether he was insane at the time of the offense charged;

3. Hardwick shall remain at the designated facility after the completion of the examination, and the U.S. Marshal shall return Hardwick to this district only upon further Order of the Court;

---

and would merely waste the parties' and the Court's resources while delaying further proceedings in this matter, including an examination to determine Hardwick's sanity at the time of the charged offense.

4. At the conclusion of Hardwick's examination, the BOP shall submit a report, pursuant to 18 U.S.C. § 4247(c), regarding whether Hardwick was insane at the time of the offense charged to the Court and counsel for the parties as soon as practicable but **no later than fourteen days after the examination has concluded**;

5. **The BOP is DIRECTED to submit its report to the Court by U.S. mail and also by email to: markschambers@almd.uscourts.gov**.

The Clerk of the Court is DIRECTED to forward a copy of this Order to the Warden of FMC Butner (by U.S. Mail and by email to kstock1@bop.gov), the United States Marshal, and the United States Probation Office.

DONE this 7th day of October, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE